**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In Re:<br><br>ANC Rental Corporation, et al.<br>―――――――――――――――――<br>Alamo Rent A Car LLC, National Car Rental Systems, Inc., and ANC Rental Corporation,<br><br>    Judgment Creditors,<br><br>vs.<br><br>A Plus Auto Body & Paint Inc.,<br><br>    Judgment Debtor.<br>―――――――――――――――――<br>Wells Fargo Bank, N.A.,<br><br>    Garnishee. | No. MC08-110-PHX-ROS<br><br>**REPORT AND RECOMMENDATION** |

TO THE HONORABLE ROSLYN O. SILVER, UNITED STATES DISTRICT JUDGE:

    This matter arises on Judgment Creditors' Application for Judgment on Garnishment, filed on June 16, 2009. (Doc. #9.) Judgment Creditors seeks entry of Judgment against Garnishee Wells Fargo Bank, N.A. ("Garnishee"), for nonexempt monies in the amount of $15,223.83 purportedly belonging to Judgment Debtor A Plus Auto Body & Paint Inc. United States District Judge Roslyn O. Silver referred this case to the undersigned for the garnishment proceedings. (Doc. #11.)

A review of the record demonstrates that on December 14, 2004, the United States Bankruptcy Court for the District of Delaware entered default judgment against Judgment Debtor in favor Judgment Creditors for the amount of $22,758.50. (Doc. #1.)

On April 2, 2009, Judgment Creditors filed an Application for Writ of Garnishment (Non-Earnings) against the Garnishee alleging in pertinent part that:

   a.   [The Garnishee] is indebted to the Judgment Debtor for monies which are not earnings;

   b.   [T]he Garnishee is holding nonexempt monies on behalf of the Judgment Debtor;

   c.   [T]he Garnishee has in its possession non-exempt personal property belonging to the Judgment Debtor[.]

(Doc. #5.) On April 9, 2009, a Writ of Garnishment and Summons (Non-Earnings) was issued to the Garnishee requesting, *inter alia*, that the Garnishee file an answer to the Writ as to:

   1.   Whether the garnishee was indebted to or otherwise in possession of monies of the Judgment Debtor at the time the writ was served.

   2.   The total amount of indebtedness or monies in possession of the garnishee at the time the writ was served.

   3.   The amount of indebtedness or monies withheld by the garnishee pursuant to the writ.

   4.   The amount of indebtedness or monies not withheld by the garnishee, and the reason for not withholding.

   5.   Whether the garnishee was in possession of personal property of the Judgment Debtor at the time the writ was served.

                        *     *     *

(Doc. #6.) Additionally, the Writ required the Garnishee to deliver to Judgment Debtor a copy of the Writ and Notice. (Doc. #6.)

Thereafter, on April 22, 2009, the Garnishee filed an Answer to Writ of Garnishment (Non-Earnings) indicating that, at the time of service of the Writ, "[a] total balance of $15,223.83 is the amount of indebtedness or money withheld by the Garnishee pursuant to the writ ... ." (Doc. #7.) The Garnishee also stated that it delivered copies of the "Writ and Summons, Notice to Judgment Debtor, Underlying Judgment and Request for Hearing" to

Judgment Debtor on April 15, 2009 – by regular first class mail. (Doc. #7.) Further, the Garnishee mailed its Answer to both Judgment Debtor and Judgment Creditors on April 20, 2009. (Doc. #7.)

On June 16, 2009, no objection to the Writ of Garnishment or Answer having been filed, Judgment Creditors filed the subject Application for Judgment on Garnishment. (Doc. #9.) On July 17, 2009, Judgment Creditors and Judgment Debtor filed a Stipulation for Entry of Judgment on Garnishment and to Release Funds Held by Wells Fargo Bank, NA to ANC Rental Corporation. (Doc. #12.) In the Stipulation, the parties stated that they "resolved their differences and entered into a settlement agreement. That settlement agreement provides for the entry of a judgment on garnishment in this action and for the release of the funds being held by Wells Fargo Bank, NA to Judgment Creditor." (Doc. #12.) The proposed Stipulated Judgment on Garnishment attached to the Stipulation states the following:

> 1. Wells Fargo Bank, NA (the "Garnishee") held funds belonging to A-Plus Auto Body & Paint, Inc. (the "Judgment Debtor") in the amount of $15,223.83 at the time of service of the Writ.
>
> 2. At the time of service of the Writ the Judgment Debtor was indebted to Judgment Creditor.
>
> 3. The court approves the stipulation entered by and between the Judgment Creditor and the Judgment Debtor.
>
> NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:
>
> The Judgment Creditor shall have Judgment against the Garnishee for $15,119.00, consisting of the following amounts:
>
> | | |
> |---|---|
> | Principal | $15,000.00 |
> | Filing/Registration Fee | $39.00 |
> | Service Fee of Wells Fargo Bank | $55.00 |
> | Statutory Bank Search Fee | $25.00 |
>
> IT IS FURTHER ADJUDGED AND DECREED that Garnishee is entitled to an answer fee of $100.00 which is to be paid from the Judgment Debtor's account.
>
> IT IS FURTHER ADJUDGED AND DECREED that $15,119.00 retained by the Garnishee pursuant to the Writ of Garnishment and this Judgment are to be immediately paid to the Trust Account of Schneider & Onofry, P.C. for the benefit of the Judgment Creditor.

(Doc. #13-2.)

In accordance with the foregoing,

**IT IS HEREBY RECOMMENDED** that pursuant to the parties Stipulation for Entry of Judgment on Garnishment and to Release Funds Held by Wells Fargo Bank, NA to ANC Rental Corporation (Doc. #12), Judgment Creditors' Application for Judgment on Garnishment (Doc. #9) be **DENIED** as moot;

**IT IS FURTHER RECOMMENDED** that the Court approve the Stipulation and proposed Stipulated Judgment entered by and between the Judgment Creditor and the Judgment Debtor, which sets forth the following terms:

The Judgment Creditor shall have Judgment against the Garnishee for $15,119.00, consisting of the following amounts:

| | |
|---|---|
| Principal | $15,000.00 |
| Filing/Registration Fee | $39.00 |
| Service Fee of Wells Fargo Bank | $55.00 |
| Statutory Bank Search Fee | $25.00 |

The Garnishee is entitled to an answer fee of $100.00 which is to be paid from the Judgment Debtor's account, and $15,119.00 retained by the Garnishee are to be immediately paid to the Trust Account of Schneider & Onofry, P.C. for the benefit of the Judgment Creditor.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment. The parties shall have ten days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. See 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 6(a), 6(b) and 72. Thereafter, the parties have ten days within which to file a response to the objections. Failure to timely file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. See United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to timely file objections to any factual determinations of the

Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order of judgment entered pursuant to the Magistrate Judge's recommendation. See Fed.R.Civ.P. 72.

DATED this 17th day of August, 2009.

*Michelle H. Burns*
Michelle H. Burns
United States Magistrate Judge